Case 44.—ACTION BY D. Y. COMBS AND OTHERS AGAINST W. C. EVERSOLE, AS COUNTY JUDGE, TO COMPEL HIM TO APPOINT A TAX COLLECTOR IN PLACE OF THE SHERIFF WHO HAD RESIGNED.—April 21.

## Combs, &c. v. Eversole, Judge.

Appeal from Perry Circuit Court.

M. J. Moss, Circuit Judge.

From the judgment plaintiffs appeal—Affirmed.

Sheriffs—Resignation—Sureties—Authority to Nominate Collector —Where the sheriff of a county resigns his office the sureties on his bond for the collection of taxes are not authorized to nominate and require the county judge to appoint a person to collect such taxes in the place of the sheriff who has resigned; such right applies where the sheriff dies, but not where he resigns his office.

WM. CROMWELL for appellants.

MILLER & FITZPATRICK, HOGG & WILLIAMS and P. T. WHEELER of counsel.

1. Our contention is that the duty devolving upon the county judge is mandatory, and may be compelled by mandamus. The county judge can only sustain his refusal by showing that the sureties are not worth in property above their debts the amount of taxes to be collected.

2. The right of sureties appeals strongly to the chancellor and should not be denied unless the stern mandates of the statute leaves no hope for them.

3. There liability for the revenue is fixed by the statute, and to say they shall have no voice as to who shall discharge the responsible duties of collector, who may be a prudent man or a profligate, wasting the money as fast as collected, while they sit still and see their hard earnings swallowed up, while they believe that it was the intention of the Legislature to permit such spoliation.

### AUTHORITIES CITED.

Ky. Stats., secs. 4134, 4136, 4659, ch. 124, p. 1618; Schuff v. Pflanz, 18 Ky. Law Rep., 29; Lowe v. Phelps, 14 Bush, 650;

Combs, &c. v. Eversole, Judge.

Jones v. Gibson, 82 Ky., 561; Hewitt Revenue Law, Acts 1885-6; Morehead & Brown Statutes, p. 1464; Rev. Stats., vol. 2, ch. 91, sec. 23, p. 344; ch. 97, p. 396; Commonwealth v. Adams, 3 Bush, 41; Gen. Stats. of 1873, ch. 92, art. 8; Fletcher v. Leight, 4 Bush, 302.

WOOTON & MORGAN and GREENE & VANWINKLE for appellee.

1. Plaintiffs seek to compel the county judge by mandamus to do an act in which he has the legal right to exercise a discretion.

2. The statute vests the right of the sureties to nominate a collector only upon the death of the sheriff.

3. The petition does not show that plaintiffs were the only sureties, or all the sureties, upon the bond of E. H. Cornett.

4. The county judge in this case had three days before the nomination by the sureties appointed a sheriff and collector, who had duly qualified and given bond, which was approved by the court.

5. It is our contention that the plaintiff's liability on the bonds of E. H. Cornett ceased upon his resignation and upon the appointment and qualification of S. B. Holliday.

6. The sureties can not be held to be liable on the bond of their principal for taxes with which at the time of his resignation he was not charged, and for which he was not then liable.

### AUTHORITIES CITED.

Ky. Stats., secs. 4129, 4130, 4131, 4132; Am. & Eng. Enc. of P. & P., vol. 13, p. 529; 87 Ky., 177; 92 Ky., 227; 13 Bush, 36; Ky. Stats., 446, 4119, 4231, 4239, 4234, 4275, 4281; Schuff v. Pflanz, 99 Ky., 97.

OPINION BY JUDGE SETTLE—Affirming.

E. H. Cornett was duly elected sheriff of Perry county at the November election, 1901, for a term of four years from the first Monday in January, 1902. On the first Monday in January, 1902, he qualified as sheriff by taking the necessary oath, and with sufficient security, executing the official, county levy, and State revenue bonds required by law of sheriffs, which were duly approved and accepted by the judge of the county court. Similar bonds were executed by Cornett

as sheriff, and approved by the county judge, on the first Monday in January of each succeeding year during his term of office. Appellants were sureties in the three bonds given by him on the first Monday in January, 1905, for that year—the last of the term for which he was elected. In addition to the performance of his official duties, it was the duty of Cornett, as sheriff, to collect the taxes, both county levy and State revenue, in the county of Perry for the year 1905. On February 13, 1905, Cornett resigned the office of sheriff of Perry county, and on February 15th, two days thereafter, at a regular term of the Perry county court, the judge thereof appointed one, S. B. Holliday, sheriff to fill the vacancy in that office caused by the resignation of E. H. Cornett. Thereupon Holliday took the oath of office, and he and his sureties executed the required bonds, which were approved and accepted by the county court, since which time he has been acting as sheriff of the county. On the day of the appointment of Holliday as sheriff, appellants, as sureties in the several bonds executed by E. H. Cornett on the first Monday in January, 1905, by a writing addressed to the judge of the county court, nominated one, Arch Cornett, for appointment as collector for Perry county of taxes, county levy and State revenue, for the year 1905, and requested his appointment to that office; but the nomination was rejected, and his appointment as collector was not made by the county judge. Appellants, insisting upon their alleged right as sureties of the late sheriff, E. H. Cornett, to nominate for appointment a collector of taxes in the county of Perry for the year 1905, instituted this action in the circuit court for a writ of mandamus to compel appellee, as county judge, to appoint as collector of taxes the person nominated by them for that office. Appellee filed a general demurrer to the peti-

tion, which was sustained by the lower court, and, appellants failing to plead further, the action was dismissed.

If, as contended by appellants, they had the right, after the resignation of the sheriff, to nominate for appointment by the county judge a collector of taxes for 1905, it would follow that the lower court erred in rendering the judgment appealed from. But did appellants have such right? The only authority for the exercise of such right by the sureties of a sheriff is contained in sec. 4136, Ky. Stats., 1903, which provides: "If the sheriff shall die during his term of office, his sureties shall have the right to nominate a person to collect the revenue for that year, and upon their written nomination of such person he shall be appointed by the county court, and the sureties shall be liable to the Commonwealth for the taxes with which their principal was charged: provided, that this section shall not apply when in any case the sureties, in the opinion of the county court, are not in the aggregate, worth in property subject to execution, above their debts, the amount of the taxes with which their principal was charged." Manifestly this section confers upon the sureties of the sheriff no such right as claimed by appellants, for the simple reason that the sheriff did not die. If the Legislature had intended that the sureties of the sheriff should nominate a collector to succeed him in case of his resignation or removal from office, it would have been so expressed, and could have been done by merely saying that in case of a vacancy in the office of sheriff, whether caused by death, resignation, or removal from office of the incumbent, his sureties shall have the right to nominate a person to collect the revenue for that year, etc. But the very fact that their right to make such nomination is confined by the language of

the section, supra, to the existence of a vacancy caused by the death of the sheriff, excludes the idea that they can exercise the right upon any other ground or condition. Therefore, we do not feel authorized to add to the statute, or extend its meaning or effect. Section 1526, Ky. Stats., 1903, provides: "A vacancy in the office of sheriff * * * shall be temporarily filled by the county court until the successor shall have been elected as provided by sec. 1522 of this article, and shall have qualified." * * * A "vacancy in office" is defined by sec. 1521, Ky. Stats., 1903, as follows: "The term 'vacancy in office,' or any equivalent phrase, as used in this article, means such as exists when there is any unexpired part of a term of office without a lawful incumbent therein, or when the person elected or appointed to an office fails to qualify according to law, or when there has been no election to fill the office at the time appointed by law. It applies whether the vacancy is occasioned by death, resignation, removal from the State, county or district, or otherwise." Although there are many different ways in which a vacancy in the office of sheriff may occur, and the sureties of a sheriff may incur as much risk or liability by his resignation or removal from office as from his death, yet the statute declares that only by the death of the sheriff shall the sureties select and nominate for appointment by the county court the person who may take his place as collector of taxes.

We are of opinion, therefore, that appellants had no right to nominate a collector to succeed E. H. Cornett, and that appellee was under no duty to appoint the person nominated by them, but upon the other hand, that he had the right to appoint Holliday sheriff, as was done.

The foregoing conclusions being in accord with the

judgment of the circuit court, we deem it unnecessary to consider other questions discussed in the briefs of counsel.

Wherefore, the judgment is affirmed.